# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**MARSHA CARR-LAMBERT,**

    Plaintiff,

**v.**                                                                                                          **Civil Action No. 2:09-CV-61**
                                                                                                                    **(BAILEY)**

**GRANT COUNTY BOARD OF EDUCATION,**
**DOTTIE RIGGLEMAN, in her individual capacity,**
**JOYCE RIGGLEMAN, in her individual capacity, and**
**DAVID JONES, in his individual capacity,**

    Defendants.

## ORDER DENYING DEFENDANT GRANT COUNTY BOARD OF EDUCATION'S MOTION TO DISMISS

### I.    Introduction

On this day, the above-styled matter came before the Court upon consideration of Defendant Grant County Board of Education's Motion to Dismiss [Doc. 9] and memorandum in support thereof [Doc 10]. The plaintiff filed her Response to the defendant's motion to dismiss [Doc. 14] on June 18, 2009. For the reasons more fully stated below, the motion to dismiss is **DENIED**.

### II.    Factual and Procedural History

Plaintiff Marsha Carr-Lambert filed this suit asserting three causes of action: violation of her First Amendment rights, violation of her right to freedom of speech under Article III, Sections 7 and 16 of the West Virginia Constitution, and wrongful discharge stemming from her trial testimony against the former Director of the South Branch Career and Technical

Center ("SBCTC").

The plaintiff served as the Superintendent of Grant County Schools from 1999 to December 9, 2008, at which point the members of the Grant County Board of Education ("Board of Education") voted against renewing her contract, which ends on June 30, 2009. The plaintiff alleges that this non-renewal was an act of retaliation against her for exercising her freedom of speech in violation of the United States and West Virginia Constitutions.

As part of her duties as Superintendent, Ms. Carr-Lambert served as a member of the seven person Administrative Council ("Council") for SBCTC, which is a three-county vocational center located in Grant County, West Virginia. Plaintiff alleges that when the former Director of SBCTC, Robert Sisk, retired in June of 2007, the Council instructed the new director, Randy Whetstone, to conduct an informal inquiry and investigation into the business practices and procedures of Mr. Sisk during his tenure. Following the investigation, the Council voted to have an independent audit conducted of the records and financial affairs of SBCTC. Plaintiff alleges that following this audit, she became the target of accusations and harassment from Mr. Sisk, who threatened legal action if she did not ease her information gathering regarding his past business practices. Plaintiff alleges further that Mr. Sisk's attorney sent a letter to Board of Education members Joyce Riggleman and Dottie Riggleman accusing her of attempting to belittle Mr. Sisk and damage his reputation in the community.

When Mr. Sisk left his position as Director, he took a position as interim President of the Eastern West Virginia Community and Technical College, where he served as Tim Riggleman and David Jones' employer. Plaintiff alleges that Tim Riggleman's parents, Dottie and Joyce verbally threatened her regarding her job as Superintendent if she did not

2

change her position regarding the SBCTC investigation.

Plaintiff thereafter alleges that the Council referred the audit results to the Grant County Prosecutor, who charged Mr. Sisk with knowing and wilful destruction of computer data or equipment and petit larceny. The plaintiff testified on behalf of the prosecution for Mr. Sisk's trial, which resulted in a not guilty verdict. Subsequently, Defendants Joyce and Dottie Riggleman attempted to gain the Board of Education's support to vote against the plaintiff's contract renewal for Superintendent. On December 9, 2008, three of the five Board members present voted against renewing the plaintiff's contract; the three who voted against renewal are the individually named defendants. Plaintiff alleges that "a substantial and motivating factor in this decision not to renew the plaintiff's contract was the plaintiff's protected activity in participating in the investigation and audit of Mr. Sisk, the referral of the matter to the Grant County prosecutor's office, and plaintiff's truthful testimony at the Robert Sisk trial."

### III.  Motion to Dismiss Standard

A "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations

3

contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995).

IV.     Applicable Law

The United States Supreme Court held in ***Monell v. Department of Social Servs.***, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, (1978), that a municipality may not be held liable under § 1983 for an injury that was inflicted exclusively by its agents or employees. The Court stated: "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." ***Id***.

Additionally, in ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298 (1986), the Supreme Court further held that in certain circumstances, a single violation is sufficient to invoke liability. The Court reasoned that to hold the governmental entity liable for a single violation, the decision maker must possess "final authority to establish municipal policy with respect to the action ordered." ***Id***. at 481.

In ***City of St. Louis v. Praprotnik***, 485 U.S. 112, 108 S.Ct. 915 (1988), the Supreme Court further defined when a governmental entity can be held liable for a single constitutional violation. Municipalities may be held liable under §1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Additionally, only those municipal officials who have "final policymaking authority" may by their actions subject the government to § 1983 liability. The

4

question of whether a particular official has "final policymaking authority" is a question of state law. Finally, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business. *Id*. at 123 (citations omitted) (quoting **Pembaur**, 475 U.S. at 480).

Similarly, the Fourth Circuit Court of Appeals has addressed school district liability under like circumstances. In **Hall v. Marion School Dist. No. 2**, 31 F.3d 183 (4th Cir. 1994), the Court of Appeals addressed the circumstances under which a school district can be held liable under § 1983 for the acts of its subordinates and employees. In **Hall**, a special education teacher brought a § 1983 action against the school district alleging that district violated her First Amendment rights by terminating her employment. The Court held that the school district was liable for the act of the school board in dismissing the teacher, holding:

> not only was the Board completely aware of [the Superintendent's] actions, the Board was the only body that could fire Ms. Hall and it chose to do so. Therefore, by dismissing Hall the Board not only ratified [the Superintendent's] unconstitutional behavior, but also participated in the violation of Hall's First Amendment rights. Since the Board is the final policymaker in this area of the District's business, we find that the District may be held liable for the act of the Board in dismissing Hall.

*Id*. at 196.

5

V.    Discussion

In this case, Defendant Board of Education is the final policy making authority for the Grant County School District. The question of who exercises final policymaking authority is a question of state law to which the Court can apply its independent judgment. *City of St. Louis*, 485 U.S. at 124-26; *see also* **Hall v. Marion School Dist. No. 2**, 31 F.3d at 196. Under West Virginia law, the final policy making authority for a school district resides with the members of its county board of education. Each county school district is under the supervision and control of the county board of education consisting of five members. *W. Va. Code* § 18-5-1. The board is given broad authority to control and manage the schools and school interests for all school activities and upon all school property. The board's powers include, but are not limited to, the power to: establish schools; close schools; employ teachers and assign them; employ other personnel; and, make rules and regulations for the government of the schools. *W. Va. Code* § 18-5-13.

As in **Hall**, plaintiff Marsha Carr-Lambert has sued the Grant County School Board and three of its individual members for violating her First Amendment rights by terminating her employment. Taking these allegations as true, as they must in addressing the 12(b)(6) motion to dismiss, the Complaint clearly states a cause of action against both the individual Board members who voted not to renew Ms. Carr-Lambert's contract as well as the Board of Education as a whole as the final policymaker with the power to terminate her contractual relationship with the school district.

VI. Conclusion

For the reasons stated above, this Court is of the opinion that Defendant Grant County Board of Education's Motion to Dismiss **[Doc. 9]** should be, and the same is, hereby **DENIED**.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** July 2, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE